# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## * * *

| | | |
|---|---|---|
| BEVERLY HAYNES, | ) | Case No.: 2:10-cv-02176-RLH-RJJ |
| Plaintiff, | ) ) | **O R D E R** |
| vs. | ) ) | (Motion to Dismiss, or in the alternative, Motion for |
| DESERT REGIONAL CENTER, A Nevada | ) | More Definite Statement–#6; |
| State Run Facility; THE STATE OF NEVADA; | ) | Counter Motion for Leave to |
| SUSAN YATES, an individual; STACEY | ) | Amend Complaint–#15) |
| WHITE, an individual; and DOES and ROES I | ) | |
| through XX inclusive, | ) | |
| Defendants. | ) ) | |

Before the Court is Defendants the State of Nevada, the Desert Regional Center ("DRC"), Susan Yates, and Stacey White's **Motion to Dismiss, or in the alternative, Motion for More Definite Statement** (#6, filed Jan. 10, 2011), for failure to state a claim.  The Court has also considered Plaintiff Beverly Haynes' Opposition (#8, filed Jan. 20, 2011), and Defendants' Reply (#9, filed Jan. 25, 2011).

Also before the Court is Haynes' **Counter Motion for Leave to Amend Complaint** (#15, filed Feb. 28, 2011).  The Court has also considered Defendants' Opposition (#16, filed March 10, 2011).  Haynes did not reply.

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises from alleged employment discrimination at the Desert Regional Center, a state-run medical facility.  Haynes, an African American of Jamaican decent, was a nurse at the DRC.  During her time of employment she had two separate supervisors, first Susan Yates and later Stacey White.

Haynes claims that beginning in January 2008, she was discriminated against at work.  For example, White would make discriminatory comments such as that she disliked Haynes' Jamaican accent and that she did not like foreigners and that both Yates and White unduly criticized and harassed her because of her race and national origin.  Further, Haynes claims that Yates and White reported false and exaggerated claims against her to the Nevada State Board of Nursing ("State Board").  However, Haynes did not know that these claims were false at the time Yates and White reported them to the State Board, therefore, Haynes signed a type of settlement agreement with the State Board, an Agreement for Reprimand, accepting a reprimand for these false accusations.  Haynes claims that after signing the settlement agreement she discovered that Yates and Whites falsified the allegations against her and therefore brings suit.  Haynes also filed a complaint with the Nevada Equal Rights Commission based on her discrimination claims and has since received a right to sue letter.

Haynes filed suit on December 15, 2011, *pro se*, against the DRC, the State of Nevada, Susan Yates, and Stacey White asserting the following claims: (1) wrongful termination, (2) hostile work environment, (3) employment discrimination, (4) fraud and misrepresentation, and (5) defamation.  Now before the Court are two motions.  The first motion is Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement.  Defendants' seek dismissal of all claims against the DRC, dismissal of the Title XII discrimination claims against Yates and White, and dismissal of the fraud and defamation claims against.  The second motion is Haynes' Motion for Leave to Amend to correct certain errors in her complaint.  Haynes only obtained legal counsel

AO 72
(Rev. 8/82)

1    after filing her motion and her opposition to Defendants' motion.  For the reasons discussed

2    below, the Court denies both motions pending certain conditions.

3                                       **DISCUSSION**

4    **I.      Legal Standard**

5            The Court will discuss both motions jointly.  Therefore, the Court presents the

6    standards for both motions before proceeding with the Court's analysis.

7            **A.      Motion to Dismiss**

8            A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

9    relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

10   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

11   8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

12   detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

13   recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

14   (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise

15   above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

16   complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its

17   face."  *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

18           In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts

19   are to apply when considering motions to dismiss.  First, a district court must accept as true all

20   well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

21   assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only

22   by conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider

23   whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A

24   claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw

25   a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 1949.  Where

26   the complaint does not permit the court to infer more than the mere possibility of misconduct, the

AO 72
(Rev. 8/82)

1    complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal

2    quotation marks omitted).  When the claims in a complaint have not crossed the line from

3    conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

4                Also, "documents 'whose contents are alleged in a complaint and whose

5    authenticity no party questions, but which are not physically attached'" to the pleading, may be

6    considered in ruling on a Rule 12(b)(6) motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*,

7    183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v.*

8    *Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)).  Therefore, the Court may consider the contents of

9    Agreement for Reprimand that Haynes signed.

10                **B.      Motion for Leave to Amend**

11               Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its

12   complaint only by leave of the court once responsive pleadings have been filed and in the absence

13   of the adverse party's written consent.  *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789,

14   799 (9th Cir. 2001).  The court has discretion to grant leave and should freely do so "when justice

15   so requires."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R.

16   Civ. P. 15(a)).  Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2)

17   undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has

18   repeatedly failed to cure deficiencies; or (5) the amendment would be futile.  *Leadsinger, Inc. v.*

19   *BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

20   **II.    Analysis**

21        **A.      Parties**

22               Defendants correctly argue that the DRC should be dismissed.  Pursuant to NRS §

23   41.031(2), an action against the State must be brought against a particular department,

24   commission, board, or other agency.  The DRC is a facility, not a department, commission, board,

25   or other agency, and therefore not a proper defendant.  In Haynes' proposed amended complaint,

26   she alters her complaint to state a claim against "DESERT REGIONAL CENTER, a Nevada

4

1   Facility operated by the DEPARTMENT OF HEALTH AND HUMAN SERVICES."

2   Nonetheless, this is still the incorrect defendant as the claim is still made against the DRC rather

3   than the agency which operates it.  The Court orders Haynes to correct this and name the proper

4   entity, likely the Nevada Department of Health and Human Services or the Nevada Department of

5   Health and Human Services, Division of Mental Health and Developmental Services.  The time for

6   submitting a new proposed amended complaint will be addressed below.

7   **B.   Immunity**

8   Defendants argue that Yates and White should be immune from the defamation and

9   fraud claims under NRS §§ 41.032 and 632.472.  However, both of these statutes only immunize

10  state actors who exercise due care or act in good faith.  If Haynes' allegations prove true, then

11  neither Yates or White exercised due care or acted in good faith.  It is axiomatic that falsifying

12  reports is not acting with due care or in good faith.  Therefore, the Court will not dismiss these

13  claims based on an immunity defense.

14  **C.   Defamation**

15  To properly plead defamation, a plaintiff must allege: "(1) a false and defamatory

16  statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a

17  third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."

18  *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).  The Nevada Supreme Court has also stated that

19  "statements made in good faith furtherance of one's official duties are generally privileged."

20  *Jordan v. State ex rel. Its Dept. Of Motor Vehicles & Public Safety*, 110 P.3d 30, 48 n.56

21  (*abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 673 n.6

22  (Nev. 2008)).

23  Haynes' claims that Yates and White defamed her by submitting false and

24  exaggerated statements to the State Board intending that the State Board revoke or suspend

25  Haynes' nursing license.  Yates and White, however, claim that their statements were privileged

26  because they were required to report possible violations of nursing statutes to the State Board

AO 72
(Rev. 8/82)

under NRS § 632.472.  This statute mandates certain parties to report when a licensed nurse violates provisions of NRS Chapter 632; it does not condone fabrication of statutory violations or mandate reporting of such fabricated violations.  Assuming Haynes' allegations are true, Yates and White's statements are not be privileged.  Therefore, the Court does not dismiss this claim.

### D.    Fraud and Misrepresentation

Misrepresentation is a form of fraud where a false representation is relied upon in fact.  *See Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871 (Nev. 1980).  Fraud claims must meet a heightened pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994).  Further, under Nevada law, a claim for fraud (or fraudulent misrepresentation) requires a party to show each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant had an insufficient basis for making the representation); (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting  from such reliance.  *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004); *see also Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

Haynes fails to adequately plead fraud for two reasons.  First, Haynes' complaint does not meet Rule 9's specificity requirements.  To maintain this claim, Haynes must amend her complaint to specify when these statements were made and the specific fraudulent content of the false statements.  Second, Haynes' complaint attempts to state a claim for fraud on behalf of the State Board rather than for herself.  Essentially, her complaint states that Yates and White fraudulently induced the State Board to act, but does not allege that Yates and White fraudulently induced *her* to act.  However, Haynes' opposition sets out a claim for fraud in that she claims

1   Yates and White fraudulently induced her to sign the Agreement for Reprimand accepting

2   punishment from the board through their fraudulent conduct.  Since this claim is not made in the

3   actual complaint, but only in Haynes' opposition, the Court would generally dismiss this claim.

4   However, as Haynes has already moved to amend her complaint to fix other errors, the Court

5   grants Haynes two (2) weeks from the date of this order to file a new proposed amended complaint

6   for the Court's consideration.   At that time, the Court will make a determination on the issues

7   discussed above.

8         **E.**       **Title VII Claims against Yates and White**

9          Lastly, Defendants also argued that the Court should dismiss the Title VII claims

10   against Yates and Whites.  In her proposed amended complaint, Haynes omitted Yates and White

11   from these claims, as is proper.  As long as this remains true in Haynes' next proposed amended

12   complaint, this issue is moot and the Court need not address it further.

13                        **CONCLUSION**

14          Accordingly, and for good cause appearing,

15          IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#6) is DENIED

16   without prejudice.

17          IT IS FURTHER ORDERED that Plaintiff is granted two (2) weeks form the date

18   of this order to file a new proposed amended complaint correcting the issues discussed above.  The

19   Court reserves ruling on Plaintiff's motion until such time.

20          Dated: May 3, 2011.

21

22                               _____

23                          **ROGER L. HUNT**
                            **Chief United States District Judge**

24

25

26

AO 72
(Rev. 8/82)